[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 13, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-13460
Non-Argument Calendar

_____

BIA No. A96-287-429

EDITH YESENIA PORRAS,
JESUS BOTERO,
NATALIA BOTERO,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(December 13, 2006)**

Before TJOFLAT, BIRCH and PRYOR, Circuit Judges.

PER CURIAM:

Edith Yesenia Porras, husband Jesus Botero, and daughter Natalia Botero, petition for review of the order of the Board of Immigration Appeals that affirmed the denial of Porras's petition for asylum and withholding of removal by the Immigration Judge. We deny the petition.

Porras is a citizen of Colombia who previously resided in Bogota. Porras was admitted to the United States as a non-immigrant visitor in 2002 and she filed a timely application for asylum and withholding of removal. Porras testified to several incidents in Colombia that led her to flee to the United States.

Although Porras is certified to teach young children in Colombia, she testified at her removal hearing that she worked for a television program, "I Know What You Don't Know," for which she did research and occasionally conducted on-air interviews. She admitted that she was not a "TV personality" but testified that she began to receive death threats after researching and airing an episode on the town of Tibana that may have implicitly criticized the terrorist organization, FARC. Porras did not offer a videotape of this program into evidence. She also offered conflicting documents that identified her role on the television program variously as program coordinator, production assistant, and secretary. Porras also testified that she was a member of the Liberal Party and volunteered on the mayoral campaign of Jesús Ricon, the Liberal Party candidate for mayor of Tibana.

Porras testified that the FARC mentioned her journalistic and political activities when they threatened her.

The IJ concluded that Porras had not established past persecution or an objective well-founded fear of future persecution and denied her asylum petition. Because Porras was unable to meet the lower burden for asylum, the IJ found that Porras necessarily failed to prove that she was entitled to withholding of removal.

When the BIA expressly adopts the decision of the IJ, we review that decision. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). We review legal conclusions de novo and findings of fact under the substantial evidence test. Nreka v. United States Attorney Gen., 408 F.3d 1361, 1368 (11th Cir. 2005).

Porras raises two arguments. First, she argues that the record compels the conclusion that she established past persecution on account of a protected ground. Second, she argues that she established a well-founded fear of future persecution on account of a protected ground. We address each argument in turn.

First, Porras argues that she established past persecution because of her political opinion and her employment as a journalist. We disagree. Even assuming that journalists are a protected social class under the Immigration and Naturalization Act, Porras's alleged past persecution consisted of one threatening phone call, two threatening notes, and a verbal warning. Porras was never harmed, and the threats against her, standing alone, do not constitute past persecution.

3

Persecution is "an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation, and mere harassment does not amount to persecution." Zheng v. U.S. Att'y Gen., 451 F.3d 1287, 1290 (11th Cir. 2006) (citation omitted).

Second, Porras argues that her evidence, when examined in the light of the persecution of Colombian journalists by the FARC, satisfied the objective part of the well-founded fear of future persecution standard. Again, we disagree. The IJ did not dispute that Porras subjectively feared persecution, but the evidence did not compel a finding that this fear was well-founded. See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1231 (11th Cir. 2005). Although the 2003 State Department Country Report for Colombia explained that the FARC intimidates, kidnaps, and occasionally kills journalists, Porras failed to present any evidence that her notoriety as a journalist would outlast her five-year absence from Colombia or that the FARC might single her out. See Al Najjar, 257 F.3d at 1287.

Because Porras's asylum claim fails, so does her claim for withholding of removal, see id. at 1292–93.

**PETITION DENIED.**

4